## Cleaveland Fence Co. *v.* Indianapolis Fence Co. *et al.*

*(Circuit Court, D. Indiana.* July 21, 1890.)

Patents for Inventions—Patentability—Fences.

Patent No. 397,110, granted February 5, 1889, to John B. Cleaveland, claims "in a fence the combination of a corner or end post, or intermediate, and a distance rod screwed to said posts at or near their summits, with a guy secured to said intermediate posts at or near distance rod, at its top end, and anchored to the ground at its bottom end." *Held*, that the claim embodies no patentable novelty.

In Equity.
*C. P. Jacobs,* for complainant.
*C. & E. W. Bradford,* for defendants.

Woods, J. Suit for injunction against infringement of the sixth claim of patent No. 397,110, issued on the 5th day of February, 1889, to John B. Cleaveland, which claim reads as follows:

"In a fence the combination of a corner or end post, an intermediate post, and a distance rod secured to said posts at or near their summits, with a guy secured to said intermediate post at or near distance rod, at its top end, and anchored to the ground at its bottom end, substantially as and for the purpose described."

The scope of this claim is well stated by complainant's expert, Mr. Hood, in answer to question fifth of his examination in chief:

"*Question* 5. Mechanically speaking, what substantial elements are involved in a fence which would embody the invention described in the sixth claim of that patent? *Answer*. A pair of posts connected near their tops by a rod, which holds them at a fixed distance apart, an anchor imbedded in the ground, and a brace rod or cable extending from one of the posts to the anchor; the arrangement being such that a strain exerted in the direction to pull one of the posts from a vertical position would be transmitted to the other post by means of a connecting rod, on which there would then be exerted a crushing strain, and the strain being then transmitted by means of the brace rod or cable to the anchor, in such a direction as to exert a tensile strain on the brace rod or cable."

In view of the prior art, as shown in the record, and of other structures in common and familiar use from time immemorial, it is impossible, I think, to find patentable novelty in this combination. The same relation of parts, serving the same use, is shown in the drawings of the Kelly patent No. 344,660. The sill there shown is an addition, which needs only to be removed or cut off between the foot of the posts, each, and the guy rod, to show the exact mechanical construction claimed by Cleaveland; but, as it is, the sill only strengthens the anchorage in the ground of the posts and guy, and the same result would be accomplished by the use of a bed of grouting or a foundation in solid stone.

It is claimed, however, that Cleaveland completed his discovery before Kelly applied for his patent; and, on the other hand, that if this be so, that Cleaveland lost and abandoned his right to a patent by failure to make his application therefor within two years after public use. These questions I do not find it necessary to determine. The Heikes patent of August 3, 1858, (No. 21,073,) unquestionably antedates Cleaveland's first attempts, and, little less clearly than the Kelly, is a substantial anticipation. The only suggestion to the contrary is that in the Heikes design the guy rods, *b*, are represented in the drawing as descending from their points of attachment to the posts to the ground at points not in the line of the fence. If this be so, it is certainly not invention to change the point of an anchorage from a place outside to a point in the line of the fence. If such a difference can be material, then complainant's patent, if conceded to be good, could be evaded by using a guy anchored a little to the side of the fence line, or two guys, one on either side of that line. But, aside from the proof of the prior art, this combination is to be found in numerous well-known structures which have been in common use as long as men have lived in houses, or longer. For example, the battened door or swinging gate, if fastened firmly to both posts, instead of one, affords a complete illustration. The frame alone of the ordinary farm gate, if sunk into the ground a few inches, will constitute a fence corner of the same construction as that in question, save the use of wood instead of iron, which of course does not affect the question of invention. Examples and illustrations are also to be found in the construction of frame houses, or mills or other like structures, with corner posts tied together at the top and bottom with plates and sills, and with braces or guys in the corners, and all anchored (or not) by rods into the foundation in the ground. And simpler yet,

but equally complete, is the illustration found in the scaffolding which builders use, consisting of upright posts, with horizontal bars and diagonal braces, all bound together and resting upon or anchored in the ground according to the emergencies of the case. The court finds that the claim in question embodies no patentable novelty, and that for this reason the bill should be dismissed. So ordered.